IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-210-FL

| | | |
|---|---|---|
| SABRINA M. HOLLIDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 18, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision below. Plaintiff timely filed an objection to the M&R and defendant's time for response has expired. Thus, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On March 10, 2011, plaintiff filed an application for disability insurance benefits. On March 14, 2011, plaintiff filed an application for supplemental security income. Both applications alleged a disability onset date of May 18, 2010. The applications were denied both initially and upon reconsideration. Thereafter, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), who, after a May 8, 2013, hearing, denied plaintiff's claims by order entered July

18, 2013. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council. On August 27, 2014, the Appeals Council admitted additional evidence into the record. However, the Appeals Council ultimately denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. On September 27, 2014, plaintiff timely filed complaint in this court seeking review of defendant's decision.

**COURT'S DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does

not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 18, 2010, her alleged date of disability onset. At step two, the ALJ found that plaintiff had the following severe impairments: right knee degenerative joint disease, obesity, post-traumatic stress disorder, bipolar disorder, personality disorder, and attention deficit hyperactivity disorder. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or

in combination, to meet or medically equal one of the Listings in the regulations. Applying the special technique for evaluation of mental impairments, the ALJ found that plaintiff's mental impairments resulted in mild restriction in activities of daily living, moderate difficulties in social functioning, and moderate limitations in concentration, persistence, or pace. In addition, the ALJ found that plaintiff had suffered no extended periods of decompensation.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to certain limitations. These limitations are as follows:

> [Plaintiff] can occasionally climb ramps and stairs, kneel and crouch, but never climb ladders, ropes or scaffolds, balance for safety on dangerous surfaces or crawl. [Plaintiff] cannot work around hazards such as unprotected heights or dangerous moving machinery. She can understand, remember and carry out simple, routine and repetitive tasks for 2 hours at a time; adapt to changes in a routine work setting; occasionally interact with coworkers, supervisors and the public; and perform production demands that are limited to having assigned tasks to complete by the end of a work day or shift.

(Tr. 22). At step four, the ALJ concluded plaintiff was unable to perform her past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff contends the ALJ erred in "refus[ing] to give controlling weight to the opinions of [her] treating [medical] providers." (Pl.'s Obj., DE 24, 3). The ALJ, instead, gave "little weight" to the opinion of Dr. Kisha James ("James"), (Tr. 601), as well as the opinion of Melody Granger ("Granger"), a licensed professional counselor (Tr. 488–89), both of whom treated plaintiff's bipolar disorder. James and Granger both opine that plaintiff is unable to work. Unfortunately, the

4

regulations foreclose plaintiff's argument.

The ALJ must weigh and evaluate all medical opinions received, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, opinions from treating sources are given greater weight than opinions from non-treating sources, such as consultative examiners. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, although a treating source's opinion usually is afforded "great weight," the ALJ is not required to afford it "controlling weight." Craig, 76 F.3d at 589–90. For example, where a treating source's opinion is "not supported by clinical evidence or if it is inconsistent with other substantial evidence," the ALJ may afford it significantly less weight." Id. at 590.

The ALJ properly discounted James's opinion. (See Tr. 601). James's opinion is not entitled to "controlling weight" because it opines only "on [an] issue[] reserved to the Commissioner." See 20 C.F.R. §§ 404.1527(d), 416.927(d). James's opinion provides only that plaintiff 1) has been diagnosed with "Bipolar I, Severe"; 2) is fully involved in therapy and is progressing in the management of her depressive episodes; 3) is affected in her ability to "complete basic life tasks"; and 4) is "unable to work." (Tr. 601). This brief opinion contains nothing more than conclusory "statement[s] by a medical source" on the issue of whether "[plaintiff is] 'disabled' or 'unable to work.'" 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(2). The regulations explicitly provide that such conclusory opinions "are not medical opinions." Id. §§ 404.1527(d), 416.927(d); accord SSR 96-5p, 1996 WL 374183, at *2–3 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight."). Thus, where James's opinion is "not [a] medical opinion[]," it is not entitled to weight as such under 20 C.F.R. §§ 404.1527(c) and 416.927(c).

Inasmuch as James's conclusory statement that plaintiff is affected in her ability to "complete basic life tasks," is severable from her opinion that plaintiff "is unable to work," such opinion still is not entitled to "controlling weight." (Tr. 601). "When a treating physician's opinion consists of nothing more than conclusory statements, the opinion is not entitled to greater weight than any other physician's opinion." Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991); accord Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The ALJ need not accept an opinion of a physician-even a treating physician-if it is conclusory and brief and unsupported by clinical findings."); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988) ("[A] treating physician's report may be rejected if it is brief, conclusory and unsupported by medical evidence."). James's opinion is ipse dixit and provides no analysis to support her conclusion. Moreover, as the ALJ noted, the objective medical evidence does not support James's conclusion that plaintiff's bipolar disorder "directly effects . . . her ability to complete basic life tasks." (Tr. 601) (emphasis added). For example, plaintiff concedes her ability to make simple meals, clean her home, and shop for groceries. (Tr. 285–86).

In addition, the ALJ properly discounted Granger's opinion. Granger is a licensed counselor, not a physician or psychologist; thus, her opinions may not be given "controlling weight." "Controlling weight" may be given only to "medical opinions," see 20 C.F.R. §§ 404.1527(c), 416.927(c), which include "statements from physicians and psychologists or other acceptable medical sources." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). As a counselor, Granger is not a "medical source," but, rather, is an "other source." 20 C.F.R. §§ 404.1513(a) & (d), 416.913(a) & (d). The opinions of "other sources" "can never been entitled to 'controlling weight.'" SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996); accord Craig, 76 F.3d at 590.

In sum, neither James's nor Granger's opinions were entitled to "controlling weight" under

6

the regulations. Defendant's procedure precludes application of "controlling weight" to either of these opinions. In addition, plaintiff does not challenge otherwise the weight given to these opinions.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, and defendant's motion for judgment on the pleadings (DE 20) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this 3rd day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge